# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **OWAIIAN M. JONES,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**WILLIAM D. BROADHURST,** )<br>)<br>Defendant. ) | Case No. 7:14CV00500<br><br>**OPINION**<br><br>By: James P. Jones<br>United States District Judge |

*Owaiian Jones, Pro Se Plaintiff.*

Owaiian Jones, a Virginia inmate proceeding pro se, filed this civil action against a state court judge. Jones requests one million dollars in "compensatory and punitive damages" because the judge dismissed a case he had filed in the state court. Given the nature of Jones' claims, the court construed and docketed Jones' complaint under 42 U.S.C. § 1983. After reviewing the complaint, I conclude that this lawsuit must be summarily dismissed as frivolous.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). A "frivolous" claim is one that "lacks an arguable basis

either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion.[1] *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). This immunity applies even if "the action [they] took was in error, was done maliciously, or was in excess of [their] authority." *Id*. at 356.

My statutory authority to summarily dismiss frivolous complaints includes "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327-28. Jones' claims in this lawsuit are clearly baseless and, accordingly, I will summarily dismiss the action under § 1915A(b)(1) as frivolous.[2]

---

[1] Only two exceptions apply to judicial immunity: (1) nonjudicial actions, and (2) those actions, "though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citation omitted). Neither exception applies to Jones' allegations in this instance.

[2] I note that Jones has filed 25 civil actions in this court since July 10, 2014. *See* Case Nos. 7:14cv337, 7:14cv399, 7:14cv408, 7:14cv409, 7:14cv410, 7:14cv412, 7:14cv415, 7:14cv416, 7:14cv480, 7:14cv481, 7:14cv482, 7:14cv483, 7:14cv499, 7:14cv500, 7:14cv501, 7:14cv502, 7:14cv513, 7:14cv514, 7:14cv515, 7:14cv520, 7:14cv521, 7:14cv522, 7:14cv523, 7:14cv524, and 7:14cv525. Jones is advised that inmates' right of access to the court does not include a right to prosecute frivolous, malicious, abusive, or vexatious motions. *Demos v. Keating*, 33 F. App'x. 918 (10th Cir. 2002); *Tinker v. Hanks*, 255 F.3d 444, 445 (7th Cir. 2001); *In re Vincent*, 105 F.3d 943 (4th Cir. 1997) (unpublished). Jones is hereby notified that future frivolous and abusive filings may result in the imposition of a pre-filing injunction against him. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004).

A separate Final Order will be entered herewith. The clerk will send a copy of that Final Order and this Opinion to the plaintiff.

                                    DATED: October 22, 2014

                                    /s/ James P. Jones
                                    United States District Judge